97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ISAAC DELOS PIERCE AND ALENE SORENSON PIERCE REVOCABLE
TRUST, A revocable trust, Plaintiff-Appellee,
*
v.
Elmer STECKLEIN; Lucille M. Stecklein, Defendants-Appellants,
and
United States of America; Valley Bank, Defendants.
 No. 94-35914.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.**
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Elmer and Lucille M. Stecklein appeal pro se the district court's summary judgment for plaintiffs Kai and Violet Jensen. Plaintiffs sought to foreclose on a promissory note and mortgage which the Steckleins had executed in 1978 in favor of Esbern Jensen.[1] Plaintiffs claimed that they were entitled to foreclosure because the mortgage had been assigned to them, and the Steckleins were in default on the note. We review de novo the district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Steckleins contend that the district court erred by granting summary judgment for plaintiffs because (1) plaintiffs were not proper parties to the suit; (2) there was no breach of the mortgage agreement; (3) plaintiffs and their attorney committed common law conspiracy, and (4) the district court violated the Steckleins' rights to due process. These contentions lack merit.
 
 
 4
 In support of their motions for summary judgment,[2] plaintiffs submitted, among other things, copies of the promissory note and mortgage between the Steckleins and Esbern Jensen; the probate court order naming Kai Jensen as personal representative of Esbern Jensen's estate; the assignment of the Stecklein's mortgage and promissory note to Kai and Violet Jensen; bank ledgers showing insufficient payments on the promissory note; and a notice informing the Steckleins that they were in default.
 
 
 5
 In opposition to plaintiffs' motions for summary judgment, the Steckleins asserted that Kai and Violet Jensen were not proper parties to the suit because the mortgage was between them and Esbern Jensen, and that they had not defaulted on the promissory note. The Steckleins submitted a copy of the collection agreement between them and Esbern Jensen. The Steckleins did not, however, provide any evidence to show that they satisfied their obligations under the terms of the promissory note. Furthermore, the Steckleins failed to submit any evidence to support their allegations that the Jensens were not successors in interest to the mortgage.
 
 
 6
 Because the Steckleins failed to show any genuine issue of material fact regarding the plaintiffs' right to foreclose on the promissory note and mortgage, the district court did not err by granting the plaintiffs' motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Hopkins v. Andaya, 958 F.2d 881, 884-85 (9th Cir.1992).
 
 
 7
 Finally, we note that the disbursement of funds by the receiver has not been ruled upon by the district court and is not properly before this court. We conclude that the Steckleins' remaining contentions are wholly without merit.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The "Isaac Delos Pierce and Alene Sorenson Pierce Revocable Trust," a revocable trust, was substituted for Kai and Violet Jensen as plaintiff in this action pursuant to a stipulation approved by the district court on July 18, 1995. We construe the stipulation as a motion to substitute parties pursuant to Fed.R.App.P. 43(b), and we grant the motion
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plaintiffs originally filed this action in Idaho state court. It was removed to the United States District Court by defendant United States pursuant to 28 U.S.C. §§ 1444 and 2410
 
 
 [2]
 First, plaintiffs moved for partial summary judgment which the court granted on April 4, 1994, holding that the statute of limitations for plaintiffs' action had been tolled based upon the Steckleins' bankruptcy filings, and that plaintiffs were proper parties to bring the suit. Next, plaintiffs moved for summary judgment on the merits of their claim, which the court granted on July 25, 1994
 
 
 [3]
 The Steckleins' "Motion for stay of sale and sanctions against Judge Boyle, appellee and appellees council (sic) of record and U.S. Marshall Benham" as well as their motion to supplement the excerpts of record are hereby denied